Filed 8/29/16  In re L.W. CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re L.W., a Person Coming Under the Juvenile Court Law. | H043388 (Santa Cruz County Super. Ct. No. 15JU00048) |
| SANTA CRUZ COUNTY HUMAN SERVICES DEPARTMENT, Plaintiff and Respondent, v. S.W., Defendant and Appellant. | |

S.W. (mother) appeals from the jurisdictional and dispositional orders finding her daughter, L.W. (minor), to be a dependent child of the court (Welf. & Inst. Code, § 300, subds. (b), (c)),[1] removing minor from her parents' care, and ordering family reunification services to mother and C.L. (father).  Mother argues reversal is required because notice of the jurisdiction and disposition hearing failed to comply with the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) and California law.

The Santa Cruz County Department of Family and Children's Services (Department) concedes it failed to send the required notice(s) prior to the hearing.  We agree the concession is appropriate and will therefore reverse the judgment for the limited purpose of ensuring adequate inquiry and notice as prescribed by law.

---

[1] Unspecified statutory references are to the Welfare and Institutions Code.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 9, 2015, the Department filed a juvenile dependency petition on behalf of minor, alleging both a failure to protect (§ 300, subd. (b)) and serious emotional damage (§ 300, subd. (c)).

The petition included the following facts relating to father. Father has "possible mental health issues [which] render[] him unable to supervise or protect the minor adequately from the conduct of her mother . . . . [Father] lives in the family home and is aware of the conduct of the mother. [Father's] failure to protect includes allowing [mother] to verbally and emotionally abuse their daughter . . . and stunt her emotional and developmental growth by treating [minor] like a three year old toddler. [Father's] inability to be protective places his daughter . . . at substantial risk of serious physical harm."

With respect to mother, under section 300, subdivision (c), the petition alleged minor was at risk of emotional harm due to: (1) mother's "focus[] and preoccup[ation] with" minor's food intake which "has contributed significantly to [minor]'s development of disordered eating patterns"; (2) mother shaming minor in front of others "calling her 'an idiot,' 'coocoo' [*sic*], 'insane,' 'a bitch' and telling [the minor] that she needs to live somewhere else because she is high jacking [*sic*] [mother's] life"; (3) mother treating minor like a toddler rather than a 10 year old, "making [minor] play with toddler toys, sit at a toddler chair and a toddler desk for which [minor] is too big for [*sic*], making [the minor] wear diapers to bed and not allowing [minor] to clean herself after having a bowel movement or learning how to shower on her own. [Mother] strips [minor] in the garage and wipes her down with antibacterial wipes before she is allowed to enter the home, [minor] is not allowed to socialize with her peers"; (4) mother's preoccupation with minor's "bowel movements and regulating when and how much her daughter goes to the bathroom"; (5) mother's inappropriate use of public services, such as calling 911 when minor will not get dressed, taking minor to the emergency room when she refused to go

to school and when she pierced her own ears;  and (6) mother's exaggeration of minor's symptoms to service providers, such as by telling them minor was diagnosed as autistic and claiming minor is "violent, belligerent, angry and assaultive," whereas at school, minor is a " 'model student' who is advanced academically, socially appropriate, articulate, calm, controlled and confident."

On November 10, 2015, mother filed a "Parental Notification of Indian Status" form stating that her "6th great-grandmother ago" was a member of the "Delaware tribe (Lenni-Lenape)" and part of the "Turtles or one of two other[] [bands] (?)."[2]  At the initial hearing on the petition, the juvenile court granted mother and father's request for a contested detention hearing, but ordered temporary detention of minor pending that contested hearing.  The court also found that ICWA may apply and ordered that the Department give proper notice to the appropriate tribes and the Bureau of Indian Affairs.

At the contested detention hearing on November 16, 2015, the juvenile court found a prima facie case that removal of minor from parents' custody was necessary to protect her physical or emotional health.  The juvenile court initially scheduled the jurisdiction/disposition hearing for December 15, 2015.

The jurisdiction/disposition report, filed on December 15, 2015, recommended that minor be made a dependent of the court, that she remain in out of home care and that mother and father be provided family reunification services.  The Department also requested that mother undergo two psychological evaluations under section 361.5, subdivision (b)(2).

The Department reported that the social worker spoke with mother on December 2, 2015, about her Native American heritage.  Mother said that "her great grandmother '6 great grandmas ago' was half Native American and half Dutch.  She was part of the Lenni-Lenape tribe also known as Delaware tribe.  She lived in the upstate

_____

[2] Father's form, also filed on November 10, 2015, indicated he had no Indian ancestry as far as he knew.

New York area." The social worker spoke with the Department's ICWA representative to "clarify [mother's] ICWA status" and gave her the information relayed by mother for noticing purposes.

At the December 15, 2015 hearing, the juvenile court granted the parents' request that the matter be set for settlement conference and a contested hearing which was estimated to require two full days. The contested jurisdictional/disposition hearing was set for February 24 and 26, 2016.[3] Mother was ordered to undergo psychological evaluations under Evidence Code section 730.

The Department filed a memo to the juvenile court on January 26, 2016, providing updated information on the events and progress made by mother, father and minor to date. The memo did not contain any information on what, if anything, had taken place with respect to ICWA noticing.

At the conclusion of the two-day hearing, the juvenile court found the allegations of the petition were true and sustained the petition. The Department was directed to provide family reunification services to parents, including twice-weekly supervised visitation. The juvenile court made no findings or orders regarding ICWA.

## II. DISCUSSION

Mother argues the juvenile court's jurisdictional and dispositional orders must be reversed because the court failed in its duty to ensure the Department's compliance with ICWA's notice provisions.

The Department concedes the issue, and we agree the concession is appropriate.

Whenever the court or a social worker "knows or has reason to know that an Indian child is involved" in dependency proceedings, notice of a pending Indian child custody proceeding must be sent to the child's tribe, among others. (§ 224.2, subd. (a); see § 224.1, subds. (a)-(d) [definitions]; 25 U.S.C. §§ 1903(1), 1912(a).) The notice must

---

[3] The two-day hearing was subsequently continued to February 26 and 29, 2016.

4

include, among other information, "All names known of the Indian child's biological parents, grandparents, and great-grandparents, or Indian custodians, including maiden, married and former names or aliases, as well as their current and former addresses, birthdates, places of birth and death, tribal enrollment numbers, and any other identifying information, if known." (§ 224.2, subd. (a)(5)(C); see 25 C.F.R. § 23.11(d)(3).)

A social worker who "knows or has reason to know that an Indian child is involved" "is required to make further inquiry regarding the possible Indian status of the child, and to do so as soon as practicable, by interviewing the parents, Indian custodian, and extended family members to gather the information required in paragraph (5) of subdivision (a) of Section 224.2." (§ 224.3, subd. (c); see Cal. Rules of Court, rule 5.481(a)(4).) "[I]f the court [or] social worker . . . subsequently receives any information required under paragraph (5) of subdivision (a) of Section 224.2 that was not previously available or included in the notice issued under Section 224.2, the social worker . . . shall provide the additional information to any tribes entitled to notice under paragraph (3) of subdivision (a) of Section 224.2 and the Bureau of Indian Affairs." (§ 224.3, subd. (f).)

Notice must be "sent to all tribes of which the child may be a member or eligible for membership, until the court makes a determination as to which tribe is the child's tribe in accordance with subdivision (d) of Section 224.1, after which notice need only be sent to the tribe determined to be the Indian child's tribe." (§ 224.2, subd. (a)(3).) Section 224.2, subdivision (d), provides: "No proceeding shall be held until at least 10 days after receipt of notice by the parent, Indian custodian, the tribe, or the Bureau of Indian Affairs, except for the detention hearing, provided that notice of the detention hearing shall be given as soon as possible after the filing of the petition initiating the proceeding and proof of the notice is filed with the court within 10 days after the filing of the petition." Upon request, the Indian child's tribe must be granted up to 20 additional days to prepare for such proceeding. (§ 224.2, subd. (d); see 25 U.S.C. § 1912(a).)

An Indian child's tribe has "the right to intervene at any point in an Indian child custody proceeding." (§ 224.4; see 25 U.S.C. § 1911(c).)

"If proper and adequate notice has been provided pursuant to Section 224.2, and neither a tribe nor the Bureau of Indian Affairs has provided a determinative response within 60 days after receiving that notice, the court may determine that the [ICWA] does not apply to the proceedings, provided that the court shall reverse its determination of the inapplicability of the [ICWA] and apply the act prospectively if a tribe or the Bureau of Indian Affairs subsequently confirms that the child is an Indian child." (§ 224.3, subd. (e)(3).)

State court proceedings involving an Indian child may be invalidated if the Department fails to comply with the ICWA notice provisions. (See § 224, subd. (e); 25 U.S.C. §§ 1912, 1914.) "The purpose of giving notice is not ritual adherence to the statute but to make it possible for Indian parents, custodians, and tribes to exercise their right of intervention guaranteed by the ICWA. ([25 U.S.C.] § 1911(c).)" (*In re Antoinette S.* (2002) 104 Cal.App.4th 1401, 1414, fn. 4.) "One of the purposes of giving notice to the tribe is to enable it to determine whether the minor is an Indian child. [Citation.] Notice is meaningless if no information or insufficient information is presented to the tribe to make that determination. [Citation.] . . . The burden is on the Agency to obtain all possible information about the minor's potential Indian background and provide that information to the relevant tribe or, if the tribe is unknown, to the BIA." (*In re Louis S.* (2004) 117 Cal.App.4th 622, 630.)

The record does not disclose any evidence that the juvenile court carried out its duties to ensure compliance with ICWA. The record also does not reflect that the Department engaged in further inquiry of mother regarding the names or addresses of any of her ancestors who were purportedly Native American. Consequently, the matter must be remanded for proper notice.

## III.   DISPOSITION

The jurisdictional and dispositional orders are reversed for the limited purpose of ensuring compliance with the inquiry and notice requirements of the Indian Child Welfare Act (ICWA) and California law.  Upon remand, the court shall direct the Santa Cruz County Department of Family and Children's Services to comply with those requirements.  At least 10 days after proper and adequate notice has been received, the juvenile court shall reinstate the jurisdictional and dispositional orders if no tribe responds that the minor is a member or is eligible for membership.  If a tribe responds that the minor is an Indian child or eligible for membership, the court shall proceed in conformity with ICWA and applicable California law.

_____
Premo, J.

WE CONCUR:


_____
Rushing, P.J.



_____
Elia, J.